Court for rehearing after assignment of counsel. Memorandum: The relator's application for counsel should have been granted. (See *People ex rel. Rodriguez* v. *La Vallee*, 26 A D 2d 8, and cases cited therein.) (Appeal from order of Wyoming County Court dismissing writ of habeas corpus.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ FRONTIER EXCAVATING, INC., Respondent, v. SOVEREIGN CONSTRUCTION CO., LTD., Appellant, et al., Defendant. (Action No. 1.) — Order unanimously affirmed, with costs. Memorandum: Upon the record before us, we affirm. (Appeal from order of Erie Special Term denying motion to change venue from Erie to New York County, and granting cross motion to retain venue in Erie County.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ FRONTIER EXCAVATING, INC., Respondent, v. SOVEREIGN CONSTRUCTION COMPANY, LTD., OF NEW JERSEY, Sued Herein as SOVEREIGN CONSTRUCTION CO., LTD., Appellant, et al., Defendant. (Action No. 2.) — Order unanimously affirmed, with costs. Memorandum: Upon the record before us, we affirm. (Appeal from order of Erie Special Term denying motion to change venue from Erie to New York County and granting cross motion to retain venue in Erie County.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ In the Matter of JAMES X. WALKER, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, et al., Respondents.— Appeal unanimously dismissed. Memorandum: It was conceded by appellant's attorney upon argument of the appeal that appellant has been discharged from custody and is now at large. Therefore, the issues presented have become moot. (Appeal from order of Erie Special Term dismissing an application for an order in nature of mandamus directing respondents to furnish petitioner with necessary medical care.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ In the Matter of ROBERT A. HERRINGTON.— Order unanimously reversed and relief granted in accordance with memorandum. Memorandum: Appellant is entitled to receive copies of all pretrial statements and portions of the Grand Jury testimony of witnesses who testified at the trial and which statements and transcripts of testimony were made available to defense counsel upon the trial for the purpose of cross-examination of said witnesses (cf. *People* v. *Jaglom*, 17 N Y 2d 162). The District Attorney is directed to make such material available to appellant's assigned counsel who upon oral argument agreed to make copies thereof for use by appellant. (Appeal from order of Monroe County Court denying, without a hearing, motion for free copies of various papers filed in Monroe County Clerk's office.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ WILLIAM E. BINGEL, Respondent, v. RICHARD I. JOHNSON, Appellant. — Order unanimously reversed, with costs, and motion denied. Memorandum: Issues of fact were presented that require a trial. (Appeal from order of Erie Special Term granting plaintiff's motion to strike defendant's answer and directing judgment in favor of plaintiff.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED BOCHYNSKI, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for a hearing. Memorandum: The respondent concedes it is unable conclusively to refute the allegations set forth in appellant's petition that a full confession was given and that his plea of guilty was entered in reliance on certain promises and misrepresentations by a member of the District Attorney's staff. (See *People* v. *Richetti*, 302 N. Y. 290; *People* v. *Picciotti*, 4 N Y 2d 340.) (Appeal from order of Erie County Court denying,